**CASHCO OIL COMPANY, a Delaware corporation, Plaintiff,**

v.

**Edward L. MOSES, Jr., etc., et al., Defendants.**

No. 85C1205.

United States District Court,
N.D. Illinois, E.D.

Feb. 11, 1985.

Harry P. Lamberson, Raymond A. Fylstra, Chapman & Cutler, Chicago, Ill., for plaintiff.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Cashco Oil Company ("Cashco") has filed a multi-count Complaint against Edward L.

Moses, Jr. ("Moses") and a number of affiliated corporations and a Moses sole proprietorship, Pelican Mud ("Pelican"). Because the Complaint poses a number of problems on its face and no one's interests would be advanced by the delays inherent in a Fed.R.Civ.P. ("Rule") 12(b) motion and the required briefing on that motion, this Court is sua sponte ruling on some of the obvious defects in the Complaint.[1]

█ Rule 17(b) looks to Illinois law to determine Pelican's capacity to be sued. As a sole proprietorship, it has no legal existence apart from Moses and is not separately suable under Illinois law. Accordingly, Pelican is dismissed as a defendant.

█ Complaint Count I is a RICO[2] count that reflects a number of the flaws this Court (speaking on the topic "A Judicial Perspective on Civil RICO") identified in the January 30, 1985 one-day institute sponsored by IICLE, devoted exclusively to civil RICO:

1. Though Count I ¶ 8 asserts "Each of the defendants have [sic] transacted certain of their [sic] affairs in this district," only Moses himself is alleged to have negotiated and consulted here (Count I ¶ 11). No valid predicate has been asserted for venue here as to the corporate defendants.

2. To sustain the conversion of a breach-of-contract (Count I ¶ 15) or breach-of-fiduciary obligation (Count I ¶¶ 14, 15(f)) claim into a mail or wire fraud claim (the predicate offense for RICO purposes), Cashco must prove promissory fraud—knowingly false statements of future intentions (Count I ¶ 16). Rule 11 now imposes a more stringent standard on a party's or its lawyers' allegations than heretofore (*In re Ronco*, 46 B.R. 444, 446–448 (N.D.Ill., 1985)), and

this Court expects such allegations to have the kind of factual and legal foundation the new standards require.[3]

3. Of course an entity can be both a "person" *and* an "enterprise" under Section 1961 (Count I ¶ 18). But it can*not* fit both definitions for purposes of the same RICO claim. *Haroco v. American National Bank and Trust Company of Chicago*, 747 F.2d 384, 399–401 (7th Cir. 1984), approving this Court's earlier analysis in *Parnes v. Heinold Commodities, Inc.*, 548 F.Supp. 20, 23–24 (N.D.Ill.1982). That means:

(a) Collectivizing "defendants" in the alleged pattern of racketeering activity (Count I ¶¶ 19–21) will not suffice. As to each defendant—a "person" in Section 1961 terms—the pattern and the involved "enterprise" must be identified. Only such an identified person, having the requisite statutorily-defined relationship with an enterprise, can be sued as a RICO defendant.

(b) "Investing" income and proceeds in oneself (Count I ¶ 22) is an impermissible concept that does not track with Section 1962(a), for that would pose the same person-enterprise problems. *Haroco*, 747 F.2d at 402 permits those concepts to be mixed somewhat (and perhaps in a somewhat doubtful fashion), but not as Cashco has done. As for investing in others, the undifferentiated form of Count I ¶ 22's allegations cannot be sustained. Cashco must allege in particular, *and must be prepared to prove*, which defendant or defendants in fact invested in which other defendant or defendants.

(c) Allegations of a Section 1962(d) conspiracy "as a result of the foregoing acts" (Count I ¶ 24) also improperly

---

1. Because the issues have not been tested in the adversary process, this opinion should not be taken as any implication as to whether or not any unmentioned aspects of the Complaint are free from Rule 12(b)(6) attack.

2. Citations to RICO will take the form "Section —," referring to the section numbering in Title 18.

3. Parties and lawyers cannot simply reach for the brass ring of treble damages in every case, on the theory that if unsuccessful they can always fall back on their single damages claims. This text paragraph's reference to Rule 11 should be kept in mind as to each of the problems referred to in this opinion.

blurs the concepts under RICO. Again, once each "person" violating Section 1962(a) or (c) has been properly identified, the identity of the other alleged conspirator or conspirators as to each such person, and the means of implementing the conspiracy, must be alleged with reasonable particularity.

Count I is therefore dismissed (without prejudice of course to repleading in proper form).

■ Count II ¶ 9 says Cashco's claim for an accounting arises from Illinois-based activity by defendants "as more fully hereinafter alleged." But no such allegations are then made at all (except as to Moses, referred to in Count I ¶ 11 and reincorporated into Count II). Accordingly, Count II is dismissed as to all defendants save Moses. Moreover, Count II ¶ 21 is stricken (see *Morrow v. L.A. Goldschmidt Associates, Inc.,* 126 Ill.App.3d 1089, 1093, 82 Ill.Dec. 152, 156, 468 N.E.2d 414, 418 (1st Dist. 1984)).[4]

Finally, Count V is stricken in its entirety. *Newman-Green, Inc. v. Alfonzo-Larrain,* 590 F.Supp. 1083, 1085–88 (N.D.Ill. 1984). Unlike the other portions of this opinion, leave is not granted to replead this claim.

Counsel for Cashco are ordered to apprise counsel for defendants (if known to Cashco's counsel) of this order, to avoid needless work in answering the stricken portions of the initial Complaint. If defendants' counsel are not known, counsel for Cashco are ordered to mail copies of this order to defendants at their respective addresses for service of process.

---

**4.** Count III ¶ 22 and Count VI ¶ 22 may also be vulnerable on the same basis, though this Court has not troubled itself to research those ques-

tions. Cashco must be prepared to justify those punitive damages claims in Rule 11 terms too.