**Harry Torao ICHIYASU, Plaintiff,**

v.

**CHRISTIE, MANSON & WOODS INTERNATIONAL, INCORPORATED, a New York corporation, and Kenneth Hodorowski, a/k/a Kenneth Walker, Defendants.**

**CHRISTIE, MANSON & WOODS INTERNATIONAL, INCORPORATED, a New York corporation, Third-Party Plaintiff,**

v.

**B.C. HOLLAND, INC., an Illinois corporation, Third-Party Defendant.**

No. 85 C 9122.

United States District Court, N.D. Illinois, E.D.

June 30, 1986.

Leon M. Despres, Despres, Schwartz & Geoghegan, Chicago, Ill., for plaintiff.

Philip C. Parenti, Philip C. Parenti, Ltd., Chicago, Ill., for Walker.

## ORDER

BUA, District Judge.

Before the Court is defendant Kenneth Walker's motion to dismiss Counts II and III of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted. For the reasons stated below, defendant's motion to dismiss Counts II and III is granted.

### I. FACTS

According to plaintiff's amended complaint, he is the owner of three works of art. The works of art include an etching and aquataint print, entitled "La Femme au Tambourin" by Pablo Picasso (Picasso), an etching entitled "Natura Morta con Sette Oggetti in un Tondo," by Giorgi Morandi (Morandi), and a small, animal-shaped nail fetish from Zaire (fetish). Plaintiff alleges that sometime after August 18, 1983, defendant stole the Picasso, Morandi, and fetish from plaintiff's Chicago residence. Defendant Walker then put the Picasso up for sale with B.C. Holland, an Illinois corporation and internationally known dealer in art. Defendant requested that the Picasso be shipped to New York City in order to be sold at an auction conducted by defendant Christie, Manson and Woods, Inc. Thereafter Christie sold the Picasso for $95,000. When plaintiff learned of the theft and subsequent sale of the Picasso, he demanded its return from Christie. The sale was rescinded and Christie is now in possession of the Picasso. Christie has refused to return the Picasso to plaintiff. On or about June 1, 1985, defendant was arrested, on plaintiff's complaint, and charged with the theft of all three art objects. In connection with his criminal prosecution, the Morandi and the fetish are in the possession of the State's Attorney of Cook County, Illinois. Recently, after a criminal jury trial in Cook County Circuit Court, defendant Walker was acquitted of all theft charges.

Count I of plaintiff's amended complaint, which defendant's motion does not address, seeks recovery of the Picasso and damages from defendant Christie. Counts II and III allege violations by defendant Walker of the Racketeering Influenced and Corrupt Organizations Act ("RICO") [18 U.S.C. § 1961, et seq.].

### II. DISCUSSION

In Count II, plaintiff alleges a violation of 18 U.S.C. § 1962(a). In support of this allegation, plaintiff argues that the defendant received income from a pattern of racketeering activity and used that income in the operation of an enterprise which affected interstate commerce. Defendant Walker counters that he is not an "enterprise" as defined by 18 U.S.C. § 1961(4) and he did not participate in a "pattern of racketeering activity" as defined by 18 U.S.C. § 1961(5). Defendant further asserts that he did not reinvest the proceeds of his activities in an operation which affects interstate commerce.

In Count III, plaintiff alleges a violation of 18 U.S.C. § 1962(c). Plaintiff asserts that defendant was "employed by" or "associated with" an enterprise consisting of defendant and defendant's roommate. Plaintiff further alleges that this enter-

prise was involved in conducting a pattern of racketeering activity. Defendant's position, as in Count II, is that he was not involved in an enterprise, nor did his actions constitute a pattern of racketeering activity. The Court will examine each count separately.

### A. Count II—Violation of 18 U.S.C. § 1962(a)

Plaintiff asserts that defendant received income of $85,150 from a pattern of racketeering activity. Plaintiff alleges that defendant's racketeering acts consisted of four violations of Title 18 of the United States Code. The specific violations included § 2314 (transportation of stolen goods), § 2315 (sale of stolen goods), § 1341 (mail fraud), and § 1343 (wire fraud). Plaintiff contends that defendant Walker used or invested this income in the operation of an enterprise. Finally, plaintiff argues that defendant constituted an enterprise within the meaning of 18 U.S.C. § 1961(4) because he was in the business of collecting, dealing, selling, and placing for exhibition objects of art.

The defendant contends that his actions did not constitute a pattern of racketeering activity as defined under RICO and that the money he received was not used or reinvested in violation of § 1962(a). Defendant further contends that he did not constitute an enterprise as defined under 1961(4).

■ The first issue which must be addressed by the Court is whether defendant's actions constituted a pattern of racketeering activity. Two important factors in making this determination are the manner in which the acts are alleged and the relationship of the acts to each other.

This Court recognizes that, with respect to a motion to dismiss, the well pleaded factual allegations of the complaint are taken as true, with all reasonable inferences drawn in plaintiff's favor. *Wolfolk v. Rivera,* 729 F.2d 1114, 1116 (7th Cir.1984). However, the Court recognizes that a complaint alleging violations of RICO "is not sufficient if it does not specify the nature of the predicate acts to a degree that will allow the defendants to comprehend the specific acts to which they are required to answer." *Ray v. Karris,* 780 F.2d 636, 645 (7th Cir.1985). Furthermore, "pure assertions of a statutory violation standing alone are not sufficient." *Id.* Finally, Federal Rule of Civil Procedure 9(b) states that allegations of fraud must be stated with particularity.

Plaintiff's allegations of violations of mail fraud (§ 1341) and wire fraud (§ 1343), as seen in paragraphs 19(c) and 19(d) of the amended complaint, are vague and conclusory. Plaintiff fails to specify the dates or contents of these communications. Plaintiff fails to state, even in general terms, as to how these communications related to the alleged fraud. The Court finds that these allegations are not well-pleaded or in compliance with Rule 9(b).

■ The Court must now address the remaining allegations of transportation of stolen goods (§ 2314) and sale of stolen goods (§ 2315). The Supreme Court of the United States has recently said that § 1961(5) does not state that a pattern means two acts of racketeering, but merely that a pattern "requires at least two acts of racketeering activity." *Sedima, S.P. R.1. v. Imrex, Inc.,* — U.S. —, 105 S.Ct. 3275, 3285 n. 14, 87 L.Ed.2d 346 (1985). This holding has been amplified in the Northern District of Illinois. " '[P]attern' also connotes a multiplicity of events: [sic] Surely, the continuity inherent in the term presumes repeated criminal *activity,* not merely repeated *acts* as to carry out the *same* criminal activity. It places a real strain on the language to speak of a single fraudulent effort implemented by several fraudulent acts, as a 'pattern of racketeering activity.' " *Northern Trust Bank/O'Hare, N.A. v. Inryco, Inc.,* 615 F.Supp. 828, 831 (N.D.Ill.1985) (emphasis in original).

Another important point noted in *Sedima* and *Inryco* is the "continuity plus relationship" concept. "The infiltration of legitimate business normally requires more than one 'racketeering activity' and the

threat of continuity to be effective. It is this factor of *continuity plus relationship* which combines to produce a pattern." *Inryco*, 615 F.Supp. at 832–33, citing S.Rep. No. 91–617, p. 158 (1969). (Emphasis in original.)

In the present case, the Court is not persuaded that the defendant was engaged in a pattern of racketeering activity. The allegations of mail fraud and wire fraud are not well pleaded and do not have to be accepted by the Court. The allegations of transportation and sale of stolen goods seem to be part and parcel of a single alleged criminal episode. The same criminal act is being broken up into its component parts for pleading purposes. There is no threat of "continuity plus relationship" pursuant to *Sedima* or *Inryco*.

■ Another issue raised in Count II is whether the defendant used or invested income derived from racketeering activity in an enterprise. The use or reinvestment of the income is essential to prove a violation of § 1962(a). In this case, plaintiff has again failed to set forth a well-pleaded allegation. The allegation in paragraph 20 of the amended complaint is vague in that it fails to say how, where, or when the money was used or reinvested. This allegation fails to meet the standard set forth in *Ray v. Karris, supra.*

The plaintiff has failed to prove that defendant was engaged in a pattern of racketeering activity and that income derived from this activity was used in a racketeering operation. Therefore, the Court will dismiss Count II. The issue raised by the parties as to what constitutes an enterprise under § 1962(a) still merits some discussion, although the court need not reach a decision on this issue.

Plaintiff asserts that defendant Walker can be an enterprise under § 1962(a). Plaintiff has strong case support. Several cases in this and other Circuits indicate that the less restrictive language of § 1962(a) would allow an individual defendant to be an enterprise for purposes of § 1962(a). *Masi v. Ford City Bank and Trust Co.*, 779 F.2d 397 (7th Cir.1985); *U.S.*

*v. DiCaro*, 772 F.2d 1314 (7th Cir.1985); *Haroco v. American National Bank and Trust Co. of Chicago*, 747 F.2d 384 (7th Cir.1984), *aff'd,* — U.S. —, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985).

However, this Court still expresses doubt as to whether this individual defendant can be an enterprise, even under § 1962(a). The United States Supreme Court has defined an enterprise as "... a group of persons associated together for a common purpose of engaging in a course of conduct...." *United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 2528, 69 L.Ed.2d 246 (1981). The enterprise "is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *Id.* *Turkette* also emphasized that the enterprise must exist separately from the actual pattern of racketeering. *Id.* In other words, merely participating in a pattern of racketeering activity does not automatically give rise to an enterprise. It is still questionable whether the facts in this case would satisfy the *Turkette* standard for an enterprise, even under § 1962(a).

### B. *Count III—Violation of § 1962(c)*

■ In the alternative, plaintiff alleges a violation of 18 U.S.C. § 1962(c). Plaintiff alleges that an association between defendant Walker and his roommate, Mark Johnson, constituted an enterprise under § 1961(4). Plaintiff further asserts that this enterprise conducted a pattern of racketeering activities in violation of § 1962(c).

§ 1961(4) defines enterprise as "... any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." Generally, for there to be an enterprise for purposes of § 1962(c), there must be two separate entities. *United States v. DiCaro, supra; Haroco v. American National Bank and Trust Co. of Chicago, supra.* An entity may not be both a person and an enterprise for purposes of the same RICO claim.

*Cashco Oil Co. v. Moses,* 605 F.Supp. 70, 71 (N.D.Ill.1985).

In paragraph 23 of the amended complaint, plaintiff alleges that the relationship between the defendant Walker and Mark Jackson formed an enterprise. The plaintiff makes no assertions of any specific acts or dates which support this allegation. This allegation is too vague and conclusory to be accepted as well-pleaded. Since the plaintiff has failed to properly allege an enterprise under § 1961(4) and prior case law, this Court finds there was no enterprise for purposes of § 1962(c). Moreover, for the same reasons stated previously regarding Count II, the Court finds there was no pattern of racketeering activity as defined in § 1961(5). Because of failure to show an enterprise or a pattern of racketeering activity, the Court must also dismiss Count III.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss Counts II and III is granted.

IT IS SO ORDERED.