ANVAN REALTY & MANAGEMENT COMPANY, an Illinois corporation; the Anvan Company, an Illinois General Partnership, and Anthony A. Antoniou,

v.

John L. MARKS; and Mark IV Realty, Inc., an Illinois corporation, Defendants.

No. 86 C 2639.

United States District Court, N.D. Illinois, E.D.

March 7, 1988.

**1248**

Maurice J. McCarthy, Chicago, Ill., for plaintiffs.

William I. Goldberg, Norman B. Berger, Howard M. Hoffman, Holleb & Coff, Chicago, Ill., for defendants.

Tyrone C. Fahner, Kevin Aiston, Richard A. Salomon, George J. Tzanetopoulos, Mayer, Brown & Platt, Chicago, Ill., for counterdefendants.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

In *Marks v. Pannell Kerr Forster* (*"Pannell Kerr"*), 811 F.2d 1108 (7th Cir. 1987), the Seventh Circuit affirmed District Judge Hart's ruling that the accounting firm Pannell Kerr Forster had not violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.,* ("RICO") in its handling of partnership arrangements owned and controlled by Anthony Antoniou. The plaintiff in that case, John L. Marks, had alleged that Pannell Kerr Forster acted with Antoniou to fraudulently divest Marks of his interests in the partnership arrangements—interests which he acquired while he was employed by Antoniou[1]—through a pattern of mail and wire fraud. The Seventh Circuit based its rejection of this claim on the sole grounds that plaintiff had failed adequately to plead a "pattern of racketeering activity," an essential element of a RICO claim. *Pannell Kerr,* 811 F.2d at 1112; *see* 18 U.S.C. § 1961(5).[2]

Antoniou and the two realty and management companies which he owns and operates, Anvan Realty and Management Company and The Anvan Company, have now sued Marks, alleging that the latter violated RICO during the course of his employment with them.[3] Marks, in turn, has counterclaimed against Antoniou and his companies ("Counterdefendants"), alleging that the latter violated all four subsections of the RICO substantive provision, 18 U.S.C. § 1962,[4] through various acts they com-

---

1. Whether Marks actually had an interest in the partnerships was an open question at the time the Seventh Circuit issued its opinion, and was an issue not resolved by that Court. Recently, however, a state court has determined that Marks does have a valid interest in the partnerships. *Marks v. Anvan Co.,* No. 84 CH 7729, Order (Circuit Court of Cook County, Apr. 13, 1987).

2. 18 U.S.C. § 1961(5) provides that:
   a "pattern of racketeering activity" requires at least two acts of racketeering activity, one of which occurred within ten years after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity. 18 U.S.C. § 1961(1) defines "racketeering activity" as:
   any act "chargeable" under severally generically described state criminal laws, any act "indictable" under numerous specific federal criminal provisions including mail and wire fraud, and any "offense" involving bankruptcy or securities fraud or drug-related activities that is "punishable" under federal law. *Sedi-*

*ma, S.P.R.L. v. Imrex Co.,* 473 U.S. 479 [105 S.Ct. 3275, 87 L.Ed.2d 346] (1985).

3. The complaint against Marks is the subject of another motion to dismiss, which this court has granted in a memorandum opinion issued simultaneously with the instant one.

4. 18 U.S.C. § 1962(a) provides:
   It shall be unlawful for any person who has received ay income derived, directly or indirectly, from *a pattern of racketeering activity* or through collection of an unlawful debt ... to use or invest, directly or indirectly, any part of such income or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. (Emphasis added).
   18 U.S.C. § 1962(b) provides:
   It shall be unlawful for any person through *a pattern of racketeering activity* or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate commerce. (Emphasis added).

mitted with regard to the same partnership arrangements that were at issue in Marks' earlier litigation against Pannell Kerr Forster.

Counterdefendants have moved to dismiss the counterclaim on the grounds that the Seventh Circuit's decision in *Pannell Kerr* collaterally estops Marks from claiming that they engaged in a "pattern of racketeering activity." *See* 18 U.S.C. § 1961(5); 18 U.S.C. § 1962. Marks insists that the earlier decision does not preclude him from alleging that Counterdefendants engaged in a "pattern of racketeering activity" because that case involved the activities of the accounting firm, not the Counterdefendants. As shall be seen, each side is partially right and partially wrong.

## DISCUSSION

Collateral estoppel precludes a party from relitigating an issue already decided against it in prior litigation. *Teamsters Local 282 Pension Trust Fund v. Angelos*, 762 F.2d 522, 525 (7th Cir.1985). Thus, this court's first task is to determine precisely what issues the Seventh Circuit decided in *Pannell Kerr*. *See* 18 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 4417 (1981).

■ Marks maintains that the only issue decided in that case was that the acts of Pannell Kerr Forster did not constitute a "pattern of racketeering activity." This argument ignores the fact that the complaint in *Pannell Kerr* also alleged "an Antoniou–Pannell [Kerr Forster] conspiracy which diverted the capital [Marks] had invested into the partnerships to Antoniou and the other partnerships." *Pannell Kerr*, 811 F.2d at 1109.

Since the *Pannell Kerr* decision came on a motion to dismiss the complaint, the court there had to accept as true that the alleged conspiracy to divest Marks of his interests in the partnerships existed and that the conspirators engaged in the alleged predicate acts in furtherance of it. *See Morgan v. Bank of Waukegan*, 804 F.2d 970, 973 (7th Cir.1986). The dismissal of the conspiracy charge, therefore, must have been based on the court's determination that the acts of Pannell Kerr Forster and those of Antoniou, taken together, did not amount to a pattern of racketeering activity. *See United States v. Neapolitan*, 791 F.2d 489, 497 (7th Cir.1986) (to prove conspiracy to violate substantive RICO subsections, plaintiff must prove that defendant entered into an "agreement the object of which is the conducting of or participation in the affairs of an enterprise through a pattern of racketeering activity").

*A fortiori*, the *Pannell Kerr* decision necessarily determined that Antoniou's acts alone in furtherance of the alleged scheme to divest Marks of his partnership interests did not constitute a "pattern of racketeering activity" for the purposes of RICO. Marks is therefore precluded from relitigating this issue in the instant case.

■ This conclusion, however, does not end the inquiry. While *Pannell Kerr* collateraly estops Marks from claiming that the predicate acts involved in the scheme to defraud Marks are sufficient by themselves to constitute a pattern of racketeering activity, it does not preclude Marks' from arguing that these same predicate acts were part of a broader series of acts which, when viewed as a whole, does amount to a "pattern of racketeering activity." *See Marshall & Ilsley Trust Co. v. Pate*, 819 F.2d 806 (7th Cir.1987) (to establish a "pattern of racketeering activity," plaintiff may rely on predicate acts engaged in by defendant but having other parties as their victims). Marks' claim that Counterdefendants engaged in a pattern of racketeering activity adds to the alleged scheme to deprive him of his partnership shares an al-

---

18 U.S.C. § 1962(c) provides:
It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect interstate commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through *a pattern of racketeer-*

*ing activity* or collection of unlawful debt. (Emphasis added).
18 U.S.C. § 1962(d) provides:
It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section.

leged "scheme to defraud banks and other financial institutions advancing funds to the Partnerships based upon representation that Marks' has no partnership interests." Accordingly, *Pannell Kerr* does not bar Marks' RICO claim.

Nevertheless, this conclusion does not help Marks here, for Marks has not specified a single act on the part of Counterdefendants in furtherance of the alleged scheme to defraud the banks and other financial institutions. Absent such a specific allegation, *see Ray v. Karris*, 780 F.2d 636, 645 (7th Cir.1985); *Horaco, Inc. v. American National Bank & Trust of Chicago*, 747 F.2d 384 (7th Cir.1984), *aff'd*, 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985), the only predicate acts relevant for determining whether Counterdefendants engaged in a pattern of racketeering activity remain those in furtherance of the alleged scheme to divest Marks of his partnership interests—that is, the very predicate acts which *Pannell Kerr* held do not constitute a pattern of racketeering activity under RICO.

### CONCLUSION

Accordingly, Counterdefendant's motion to dismiss Marks' counterclaim[5] is granted without prejudice.

---

**5.** Count II, a pendent state claim, is dismissed without prejudice as well.