
ANVAN REALTY & MANAGEMENT COMPANY, an Illinois corporation; the Anvan Company, an Illinois general partnership; and Anthony A. Antoniou, Plaintiffs,

v.

John L. MARKS; and Mark IV Realty, Inc., an Illinois corporation, Defendants.

John L. MARKS, Counterplaintiff,

v.

Anthony A. ANTONIOU; the Anvan Company: Anvan Realty & Management Company; Dennis E. Meyer; Raymond T. Denten, Individually and as Successor Trustee of the Anthony A. Antoniou Children's Trust; Irene D. Antoniou; and Patricia G. Meyer, Counterdefendants.

No. 86 C 2639.

United States District Court, N.D. Illinois, E.D.

March 7, 1988.

Maurice J. McCarthy, Chicago, Ill., for plaintiffs.

William I. Goldberg, Norman B. Berger, Howard M. Hoffman, Holleb & Coff, Chicago, Ill., for defendants.

Tyrone C. Fahner, Kevin Aiston, Richard A. Salomon, George J. Tzanetopoulos, Mayer, Brown & Platt, Chicago, Ill., for all counterdefendants.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

### INTRODUCTION

The complaint in this case[1] includes a single claim under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961 et seq. Plaintiffs Anvan Realty & Management Company ("Realty"), The Anvan Company ("Anvan"), and Anthony A. Antoniou claim that defendant John L. Marks, during his decade-long employment with Realty beginning in 1973, established defendant corporation Mark IV Realty ("Mark IV") and used this corporation in various schemes to defraud plaintiffs out of funds to which they were rightfully entitled. The essence of these schemes was Marks' usurpation of business opportunities, and use of the facilities and employees of Realty, for his own benefit and the benefit of Marks IV while he was employed by and contractually bound to Realty. Defendants have moved to dismiss the complaint on a variety of

---

1. This case also includes a RICO counterclaim, a brief description and discussion of which can be found in another memorandum opinion of this court issued simultaneously with the instant order, 680 F.Supp. 1247 (N.D.Ill.1988).

grounds.[2] For the reasons set forth below, this motion will be granted.

## DISCUSSION

Defendants seek dismissal of the complaint on five grounds. The first three are without merit.

First, plaintiffs are not barred by the statute of limitations, in that they plead predicate acts on the part of Marks and Marks IV continuing until at least June, 1983—well within four years of their filing of this lawsuit on April 17, 1986. *See Agency Holding Corp. v. Malley–Duff & Associates,* —— U.S. ——, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987) (establishing four year statute of limitations for RICO claims).

Second, the complaint clearly alleges a pattern of racketeering activity on the part of Marks and Marks IV, including the repeated use of mail and wire in multiple schemes to defraud plaintiffs. *See Morgan v. Bank of Waukegan,* 804 F.2d 970 (7th Cir.1986).

Third, the complaint plainly alleges that plaintiffs were injured "by reason of" the racketeering activity in that defendants' alleged racketeering acts deprived plaintiffs of funds to which they were entitled. *See Sedima, S.P.R.L. v. Imrex Corp.,* 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985) (to satisfy "by reason of" requirement of 18 U.S.C. § 1964(c) plaintiff need only prove that he was injured in some way by one or more of defendant's racketeering activities).

The other two arguments raised by defendants in their motion to dismiss present more difficult problems. Defendants claim that plaintiffs have not alleged the existence of an "enterprise" as required to state a claim under "RICO", and have not alleged the requisite nexus between the alleged pattern of racketeering activity and any enterprise.

▮▮▮ These two arguments, though related, are distinguishable. To state a claim under RICO, plaintiffs must first plead the existence of an enterprise with a coherent structure separate and apart from the alleged criminal activity. *UNR Industries, Inc. v. Continental Insurance Co.,* 623 F.Supp. 1319 (N.D.Ill.1985); *Predki v. Heckler,* 622 F.Supp. 495 (N.D.Ill.1985); *Otto v. Variable Annuity Life Insurance Co.,* 611 F.Supp. 83 (N.D.Ill.1985). Plaintiffs must then plead that defendants either used funds earned through a pattern racketeering activity in the operation of the enterprise, 18 U.S.C. § 1962(a), or acquired an interest in, or conducted the activities of, the enterprise through a pattern of racketeering activity. 18 U.S.C. §§ 1962(a), (c). *Appley v. West,* 832 F.2d 1021, 1028 (7th Cir.1987).

Defendants' argument that plaintiffs have failed to even allege the existence of an enterprise is technically incorrect. Either Marks himself or Marks IV could serve as an enterprise under RICO, and the existence of both is clearly alleged in the complaint. *See* 18 U.S.C. § 1961(4) ("enterprise includes any *individual,* partnership, *corporation,* association or other legal entity, and any union or group of individuals associated in fact although not a legal entity") (emphasis added).

The problem lies in that plaintiffs here seem to be alleging that the racketeering activity/enterprise nexus involves a third enterprise, consisting of the association-in-fact of Marks and Marks IV. The existence of *this* enterprise separate and apart from the alleged racketeering activity is *not* set forth in the complaint. *See Ichiya-*

---

**2.** Defendants' "laundry list" of grounds for moving to dismiss the complaint did nothing more than ask this court to dismiss the complaint if it fails to state a RICO claim. That is, by raising in a conclusory fashion every conceivable ground on which a RICO complaint might be defective, defendants failed to provide plaintiffs with any basis for determining which aspects of the complaint defendants really wished to challenge.

Fortunately for defendants, plaintiffs chose to respond to this Kafkaesque motion by attempting to explain in detail how the complaint satisfies the pleading requirements of a RICO claim. Defendants then narrowed their arguments for dismissal to the more substantial issues. Thus, this court need not decide whether the overly-generalized motion to dismiss was vulnerable to a motion to strike.

*su v. Christie, Manson & Woods Intern., Inc.,* 637 F.Supp. 187 (N.D.Ill.1986).

■ Because this is a motion to dismiss, the court could overlook this defect and permit either Marks or Marks IV to serve as the RICO enterprise, *see McCullough v. Suter,* 757 F.2d 142 (7th Cir.1985) (sole proprietorship could serve as enterprise with which sole proprietor associated for purpose of § 1962(c)), were it not for the total failure of plaintiffs to specify which subsection of § 1962 defendants have allegedly violated. Without such information, this court simply cannot determine whether plaintiffs have "allege[d] the necessary RICO elements of a 'person' and an 'enterprise.'" *O'Keefe v. Courtnoy,* 655 F.Supp. 16, 21 (N.D.Ill.1985). *See Liquid Air Corp. v. Rogers,* 834 F.2d 1297, 1306–07 (7th Cir.1987) (under 18 U.S.C. §§ 1962(a) and (b) defendant and enterprise may be the same; under § 1962(c) they must be distinct); *Appley v. West,* at 1028–29 (under § 1962(c) plaintiff must allege that defendant and enterprise had separate identities). More importantly, defendants cannot determine the nature of the allegations against which they must defend. *See Griggs v. Robinson Securities,* 84 C 4679, slip op. (N.D.Ill.1985) [Available on WEST-LAW, 1985 WL 1163]. Accordingly, the complaint fails to satisfy the notice-pleading mandates of the the Federal Rules.

## CONCLUSION

Defendants' motion to dismiss the complaint is granted without prejudice.