574 A.2d 1032

GOODY PRODUCTS, INC., PLAINTIFFS, v. DUN & BRADSTREET, INC., ET ALS., DEFENDANTS.

Superior Court of New Jersey
Law Division Union County

Decided March 16, 1990.

*Mark T. McMenamy* (*Bressler, Amery & Ross*), for plaintiff.

*John E. Caruso, Elizabeth A. Read, Dennis P. Lynch,* and *Christopher Baxter,* (*Montgomery, McCracken, Walker & Rhoads*), for defendants, Dun & Bradstreet, et al.

*Patrick J. Conlon,* (*Lowenstein, Sandler, Kohn, Fisher & Boylan*), for defendants, Joseph Polina and John Swiontkowski.

MENZA, J.S.C.

This case involves interpretation of the Racketeering Statute (RICO).

It is a matter of first impression in New Jersey.

Plaintiff has brought suit against Dun & Bradstreet (D & B), and a number of employees, alleging that they defrauded the plaintiff.

Each year, from 1980 through 1986, the plaintiff entered into two contracts with D & B whereby D & B agreed to furnish credit information to the plaintiff for a fee, which was based upon the number of "units" of information that the defendant was to furnish to the plaintiff. Plaintiff contends that each year the defendant, through its employees, misrepresented to the plaintiff the number of units it had utilized in the prior year, in order to thereby induce the plaintiff to sign a contract for additional units in the new contract year.

Plaintiff alleges that D & B's conduct constituted a "pattern of racketeering" falling within the RICO statute.

The plaintiff's amended complaint states:

Plaintiff has been damaged by this pattern of racketeering activity and by defendant, D & B's, use and reinvestment of the racketeering income in the continued operation of its business. (Paragraph 78). (Underscoring supplied).

The defendant, D & B, has moved to dismiss the RICO claim, contending that the plaintiff's allegations against D & B do not fall within the RICO statute.

The racketeering statute provides:

a. It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which he has participated as a principal within the meaning of *N.J.S.* 2C:2–6 to use or invest, directly or indirectly, any part of the income, or the proceeds of the income, in acquisition of any interest in, or the establishment or operation of any enterprise which is engaged in or the activities of which affect trade or commerce....

b. It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in or activities of which affect trade or commerce.

c. It shall be unlawful for any person employed or associated with any enterprise engaged in or activities of which affect trade or commerce to conduct or participate, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

d. It shall be unlawful for any person to conspire as defined by *N.J.S.* 2C:5–2, to violate any of the provisions of this section. (*N.J.S.A.* 2C:41–2a–d Prohibited Activities).

Each of these sections is directed at a specific racketeering activity. Section (a) forbids a person from investing racketeer-

ing income in an enterprise. Section (b) prohibits any person from acquiring or maintaining control of an enterprise through a pattern of racketeering activity. Section (c) forbids any person employed by or associated with an enterprise from conducting the affairs of the enterprise through a pattern of racketeering activity. Section (d) prohibits any person from conspiring to violate subsections (a), (b) and (c).

A "person" is defined in the statute to include "any individual, or entity or enterprise ... capable of holding a legal or beneficial interest in property." (*N.J.S.A.* 2C:41-1(b)). An "enterprise" is defined to include "any individual, ... corporation, ... or other legal entity...." (*N.J.S.A.* 2C:41-1(c)). D & B is considered to be a "person" under these definitions. The question is whether D & B can also be the affected enterprise. Put another way: is it a violation of the RICO statute if D & B derived racketeering income in the operation of its business?

Although there are no New Jersey cases which have interpreted the statute, there are numerous federal cases which have interpreted the federal law, (18 *U.S.C.* § 1962(a–d)), which is the basis for the New Jersey law.

Subsection (c) clearly requires that the "person" and the "enterprise" be distinct—an enterprise cannot be "employed by or associated with" itself. *See Sedima, S.P.R.L. v. Imrex Co.,* 473 *U.S.* 479, 105 *S.Ct.* 3275, 87 *L.Ed.*2d 346 (1985). But there is a split of authority in the federal courts as to whether the "person" and the "enterprise" in sections (a) and (b) were intended to be mutually exclusive.

The majority of the federal courts have adopted the view that the person and enterprise in 1962(a) may be the same. This view is shared by the second, third, seventh, ninth and D.C. circuit courts of appeal.

In *Smith v. MCI Telecommunications Corp.,* 678 *F.Supp.* 823, 827–828 (D.Kan.1987), the court set forth the rationale for the majority position:

We are persuaded that the better approach is to not require that the defendant/person be distinct from the enterprise. Such an approach comports with the language of subsection (a) and the definitions of section 1961. Section 1961 defines a person to include a corporate defendant ... and it defines an enterprise to include a corporation.... Section 1962(a) makes it unlawful for any person ... to use racketeering income in the operation of any enterprise engaged in interstate commerce.... The language does not dictate that the entity generating racketeering income and the entity using the income in its operations be distinct. (Citations omitted). Additionally, this approach furthers the purposes underlying RICO. RICO was designed to attack systematic, corrupt influences on enterprises engaging in interstate commerce. Congress intended to reach both "legitimate," respected enterprises and "illegitimate" enterprises controlled by organized crime. (Citation omitted). Given Congress' intent to reach "legitimate," respected enterprises engaged in a pattern of fraud, logic dictates that it intended to reach both those enterprises investing funds procured by fraud in other enterprises and those enterprises furthering their own operations with illgotten gains. Little sense can be made of a distinction which would punish a corporation tainting interstate commerce by investing fraudulent gains in another enterprise, while allowing the same corporation to taint interstate commerce by using fraudulent gains in its own operations. Thus, we conclude that under section 1962(a), the person and the enterprise need not be distinct.

In *Haroco v. Am. Nat'l. Bank & Trust Co. of Chicago*, 747 *F.2d* 384, 402 (7th Cir.1984), the court stated:

Subsection (a) does not contain any of the language in subsection (c) which suggests that the liable person and the enterprise must be separate. Under subsection (a) therefore, the liable person may be a corporation using the proceeds of a pattern of racketeering activity in its operations. This approach to subsection (a) thus makes the corporation-enterprise liable under RICO when the corporation is actually the direct or indirect beneficiary of the pattern of racketeering activity, but not when it is merely the victim, prize or passive instrument of racketeering. This result is in accord with the primary purpose of RICO, which after all, is to reach those who ultimately profit from racketeering, not those who are victimized by it.

*See also Official Publications, Inc. v. Kable News Co.*, 884 *F.2d* 664, 668 (2nd Cir.1989); *Saporito v. Combustion Engineering, Inc.*, 843 *F.2d* 666, 668 (3rd Cir.1988); *Schreiber Distributing v. Serv–Well Furniture Co.*, 806 *F.*2d 1393 (9th Cir.1986).

The minority view has been adopted in the courts of the fourth, fifth and eighth circuits.

In *H.J. Inc. v. Northwestern Bell Telephone Co.*, 648 *F.Supp.* 419, 428 (D.Minn.1986), the court stated the rationale for this position:

> Both 1962(a) and 1962(c) speak of a "person" committing an unlawful act in connection with, but distinct from, an "enterprise." The consistent use of the two different terms "person" and "enterprise" throughout section 1962 indicates an intent to distinguish those actors throughout.
>
> •       •       •       •       •       •       •       •
>
> Permitting a RICO cause of action where it is alleged that a corporate entity has conducted its own affairs through a pattern of racketeering activity, without any proof of infiltration of that enterprise by outside "persons," would not comport with congressional intention, inasmuch as one of the primary purposes of Congress in enacting RICO was to prevent the takeover of legitimate business by criminals and corrupt organizations.
>
> Sections (a) and (c) of 1962 requires the presence of the same elements—conduct of an enterprise, a pattern of racketeering activity, and a person. Only the relationship among these elements differs. Section (c) envisions racketeering acts conducted through an enterprise, whereas section (a) portrays the enterprise as the investment object of the criminal violators. Under either (a) or (c), the enterprise must be acted upon by a distinct "person."

In *Rush v. Oppenheimer & Co., Inc.*, 628 *F.Supp.* 1188, 1197 (S.D.N.Y.1985), the court stated:

> While section 1962(c) contemplates a perpetrator working through the legitimate or illegitimate enterprise in further of a racketeering scheme, a section 1962(a) "enterprise" can be the bounty purchased with the racketeering profits, the entity used to "launder" the ill-gotten gains. Therefore, if it is inappropriate to plead identity in 1962(c), it is then inappropriate to plead it under section 1962(a), particularly in light of our knowledge that the statute was not intended to convict the infiltrated enterprise but the violator of the predicate acts.

In *Willamette Sav. & Loan v. Blake & Neal Finance Co.*, 577 *F.Supp.* 1415, 1427 (D.Or.1984), the court said:

> The "person" of section 1962(a) is not the same as the "enterprise," and Blake & Neal cannot be both.
>
> The statute defines "person" as "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3). "Enterprise" is defined to include "any individual, partnership, corporation, association, or other legal entity. . . ." 18 U.S.C. § 1961(4). To state a claim under RICO, plaintiff must allege the existence of two entities. Under section 1962(a), one entity, the "person," uses income derived from a pattern of racketeering activity to acquire an interest in the second entity, the "enterprise."

See also: *Entre Computer Centers v. FMG of Kansas City, Inc.*, 819 *F.2d* 1279 (4th Cir.1987); *United States v. Computer*

*Sciences Corp.*, 689 *F.*2d 1181, 1190–91 (4th Cir.1982); *Woodruff v. Merrill Lynch Pierce Fenner & Smith,* 709 *F.Supp.* 181, 186 (D.Neb.1989); *Cashco Oil Co. v. Moses,* 605 *F.Supp.* 70, 71 (N.D.Ill.1985).

The majority view, aided by the liberal construction which must be given to the statute, is premised on the proposition that Congress intended that an enterprise should be liable under RICO whenever it engages in racketeering activities, regardless of whether it has been infiltrated by criminals. The argument is simply that there is nothing inequitable in holding an enterprise liable for racketeering activity when the very purpose of the statute is to deter racketeering activity.

A law review article succinctly sets forth the rationale:

> [T]he legislative history and policy considerations of RICO indicate that Congress intended for an enterprise to be liable to the private civil plaintiff when an enterprise directly participates in racketeering activity prohibited by sections 1962(a) and 1962(b) of RICO. If courts hold liable for private civil damages only enterprises that are directly responsible for violating sections 1962(a) or 1962(b), courts will satisfy congressional intent by compensating injured parties and deterring racketeering activity without harming enterprises that are victims of racketeering activity. Courts, therefore, should allow private civil plaintiffs to recover damages from an enterprise when the enterprise injures the plaintiff by directly violating section 1962(a) or 1962(b) of RICO. (NOTE: *Enterprise Liability in Private Civil RICO Actions,* 45 Wash. & Lee L.Rev. 1447, 1474 (1988). [Authored by James P. Higgason, Jr.]).

It is the minority view that the statute encompasses only those situations in which a company is infiltrated by criminal elements, however, which seems to me to be the proper expression of RICO intent. There is no doubt that both views are equally plausible. There is no doubt that each can be logically justified. But it is the minority view which I believe properly recognizes and gives effect to the facial language and structure of the statute which uses the terms "person" and "enterprise" in a way that indicates that they are to have different meanings, and must be, therefore, distinguishable.

The majority's expansive interpretation of the RICO statute is unquestionably a laudible one given its goal to penalize all types of racketeering activity. Nevertheless, the interpretation

warps the purpose of the statute which I believe is reflected in its clear language, namely, to prohibit infiltration of legitimate business by the criminal element.

Defendant's, D & B, motion to dismiss Count 10 of the plaintiff's complaint is granted.