**NOVA EXPRESS, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 07–653C.

United States Court of Federal Claims.

Jan. 22, 2008.

Philip Emiabata, pro se, Austin, TX, for plaintiff, Nova Express.

Courtney E. Sheehan, United States Department of Justice, Washington, D.C., with whom was Assistant Attorney General Peter D. Keisler, for defendant.

## ORDER

ALLEGRA, Judge.

On September 6, 2007, plaintiff, Nova Express, filed a complaint against the government for a breach of contract. This complaint was captioned as above. Concerned that plaintiff was a corporation which could not be represented by a non-attorney, the court, on October 7, 2007, ordered plaintiff to retain counsel; the new counsel was to file a notice of appearance in this matter by November 5, 2007. The court warned that if new counsel did not file a notice of appearance by that date, the case would be dismissed for lack of prosecution. On November 19, 2007, defendant filed a motion to dismiss the complaint under RCFC 12(b)(1). On November 28, 2007, having received no communication from plaintiff, the court dismissed the complaint without prejudice pursuant to RCFC 41(b).

On January 11, 2008, plaintiff filed a document seeking reconsideration of the dismissal, which filing the court deems a motion for reconsideration. In that document, plaintiff asserted that, on November 2, 2007, it had attempted to file a document with the court, entitled "Re: Representing For Nova Express By Attorney—Waiver." Plaintiff provided proof that the document had been received by the court, although, for reasons unexplained, it appears that the document was never filed or docketed. The November 2, 2007, filing explains that Nova Express is not a corporation, but rather a sole proprietorship owned by Philip Emiabata and registered with the State of Texas. The filing includes a state certificate to that effect. Based upon this showing, plaintiff asked the court to reverse its November 28, 2007, order of dismissal and reinstate the case. Defendant orally indicated that it would take no position on the motion.

This court has considerable discretion in deciding whether to grant a motion for reconsideration. *See Yuba Natural Res., Inc. v. United States,* 904 F.2d 1577, 1583 (Fed. Cir.1990). To prevail, "the movant must point to a manifest (*i.e.,* clearly apparent or obvious) error of law or mistake of fact." *Ammex, Inc. v. United States,* 52 Fed.Cl. 555, 557 (2002); *see also Pac. Gas & Elec. Co. v. United States,* 74 Fed.Cl. 779, 782 (2006); *Cane Tenn., Inc. v. United States,* 62 Fed.Cl. 703, 705 (2004); *Griswold v. United States,* 61 Fed.Cl. 458, 460–61 (2004). Plaintiff has satisfied this stringent standard. Because it appears that plaintiff attempted to file a document responsive to this court's October 7, 2007, order, the court's dismissal of plaintiff's complaint for lack of prosecution obviously must be vacated. But, the question remains whether plaintiff, as a sole proprietorship, may proceed *pro se.*

RCFC 83.1(c)(8) indicates that "[a]n individual may represent oneself or a member of one's immediate family as a party before the court," adding that "[a]ny other party, however, must be represented by an attorney who is admitted to practice in this court." Unlike most of this court's rules, this rule has no counterpart in the Federal Rules of Civil Procedure. *See* RCFC 83.1 rules committee note (2002). However, 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein." Various decisions indicate that, under this statute, a sole proprietor can appear in federal court *pro se. Cf. Nat'l Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.,* 748 F.2d 602, 610 (11th Cir.1984); *Precision Pay Phones v. Qwest Comms. Corp.,* 210

F.Supp.2d 1106, 1118 n. 8 (N.D.Cal.2002); *In re Fifarek,* 370 B.R. 754, 758 (Bankr. W.D.Mich.2007); *Lowery v. Hoffman,* 188 F.R.D. 651, 654 (M.D.Ala.1999).[1] These cases, however, are somewhat in tension with the Supreme Court's decision in *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993), where the court held that any form of association is not a "person" for purposes of the *in forma pauperis* provisions of 28 U.S.C. § 1915. *See also In re Harrison,* 185 B.R. 607, 610 (Bankr.D.Kan.1995) ("The Supreme Court recently made clear that under [section 1654], corporations, partnerships, associations, and any other artificial entities may appear in federal court only through a licensed attorney.").

Perhaps, the tension between these cases simply reflects differences in state law, particularly regarding the capacity of sole proprietorships to sue or be sued. This possibility suggests the relevancy herein of RCFC 17, which defines the capacity of a party to sue or be sued. In familiar terms, RCFC 17(a) requires that "[e]very action shall be prosecuted in the name of the real party in interest." *See Lincoln Property Co. v. Roche,* 546 U.S. 81, 90, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005). RCFC 17(b) further states—

> The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the applicable state, except (1) that a partnership or other unincorporated association which has no capacity by the law of its state may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States, . . .

This rule tracked the language of Federal Rules of Civil Procedure 17(b), until that rule was recently amended. Based upon the language of RCFC 17(b), it appears that whether a proprietorship is treated as the alter ego of its owner or as an independent entity, state law, at least *ab initio,* determines the capacity of a sole proprietorship to sue or be sued. *See Burger v. Kuimelis,* 325 F.Supp.2d 1026, 1033 (N.D.Cal.2004); *Moorer v. Hartz Seed Co.,* 120 F.Supp.2d 1283, 1288 (M.D.Ala.2000).

A sole proprietorship is "[a] business in which one person owns all the assets, owes all the liabilities, and operates in his or her personal capacity." Black's Law Dictionary 1427 (8th ed.2004). Under the law of Texas (from which state plaintiff hails), "a sole proprietorship has no separate legal existence apart from the sole proprietor." *CU Lloyd's of Texas v. Hatfield,* 126 S.W.3d 679, 684 (Tex.App.2004); *see also Warehouse Partners v. Gardner,* 910 S.W.2d 19, 24 (Tex.App. 1995); *Ideal Lease Serv., Inc. v. Amoco Prod. Co., Inc.,* 662 S.W.2d 951 (Tex.1983). While no Texas decision on this point can be found, courts in various jurisdictions in which sole proprietorships are viewed as having no independent legal identity have held that such sole proprietorships lack the capacity to sue or be sued. *See, e.g., Patterson v. V & M Auto Body,* 63 Ohio St.3d 573, 589 N.E.2d 1306, 1308 (1992); *Joiner v. Chelette,* 377 So.2d 521, 522 (La.App.1979). Indeed, several courts have reached this conclusion in construing state law in applying Rule 17(b), thereby finding that a sole proprietorship lacks the capacity to sue separately from its owner. *See, e.g., Murphy v. Erwin–Wasey, Inc.,* 460 F.2d 661, 666 (1st Cir.1972); *Borah v. Monumental Life Ins. Co.,* 2005 WL 351040, at *2 (E.D.Pa. Feb. 14, 2005) (applying Pennsylvania law); *Burger,* 325 F.Supp.2d at 1033 (applying California law); *America Online Latino v. American Online, Inc.,* 250 F.Supp.2d 351, 353 n. 2 (S.D.N.Y. 2003) (applying New York law); *see also Cashco Oil Co. v. Moses,* 605 F.Supp. 70, 71

---

1. At least two cases in this court have allowed a sole proprietorship to be represented by its individual owner. *See L & A Jackson Enters. v. United States,* 38 Fed.Cl. 22, 24–25 (1997); *see also KSEND v. United States,* 69 Fed.Cl. 103, 104

(2005). But the issue *sub judice* was either not raised or contested. Accordingly, neither of these cases includes any critical reasoning of the language of RCFC 83.1 or its interrelationship with other provisions of this court's rules.

(N.D.Ill.1985) (applying Illinois law); *cf. Moorer*, 120 F.Supp.2d at 1289–90 (applying Alabama law). These cases indicate that, at least in the states involved, a suit involving the sole proprietorship should be commenced in the name of the individual owner. *See, e.g., Murphy*, 460 F.2d at 666.

Two conclusions spring from these cases. The first is that this case properly should have been brought on behalf of Mr. Emiabata doing business as "Nova Express," and not directly on behalf of Nova Express, an entity that does not have independent legal status in the State of Texas. In other words, this case should have been captioned—"*Philip Emiabata, d/b/a Nova Express v. United States.*" The decisional law suggests that if this case proceeds in this fashion, Mr. Emiabata may represent himself under RCFC 83.1(c)(8), as the lawsuit is being viewed as having been brought in his individual capacity and thus squarely fits within the rule's exception allowing an individual to represent himself.[2]

Based on the foregoing, this court finds:

1. Plaintiff's motion for reconsideration is hereby **GRANTED** and the Clerk is hereby ordered to vacate the judgment that was based upon this court's dismissal order of November 28, 2007;

2. On or before February 15, 2008, Mr. Emiabata may file a motion to amend the complaint in this case so that it will read "*Philip Emiabata, d/b/a Nova Express v. United States.*" Should this motion be granted, the court will establish a date for defendant to indicate whether it wishes to proceed with its motion to dismiss.

**IT IS SO ORDERED.**

---

**2.** This resolution obviates any necessity for this court to decide whether a sole proprietorship authorized to sue under state law can be represented by its sole owner under RCFC 83.1(c)(8).